GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: NATASHA W. TELEANU
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2528
E-mail: natasha.teleanu@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>        -v-<br><br>ANNE CRONIN, IN HER INDIVIDUAL CAPACITY, AND AS EXECUTOR OF THE ESTATE OF ANDREW CRONIN, DECEASED,<br><br>                        Defendants. | No. 19 Civ. 11194<br><br>**COMPLAINT** |

Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action against Defendant Anne Cronin, individually ("Mrs. Cronin"), and as Executor of the Estate of Andrew Cronin ("Mr. Cronin"), to collect their unpaid federal penalty assessments and interest related to their financial interests in foreign bank accounts, and to reduce those assessments and interest to judgment as provided by law. The United States alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1. The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of,

and with the authorization of, the Commissioner of the IRS, a delegate of the Secretary of the Treasury of the United States.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute and the United States is the plaintiff.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), because Mrs. Cronin's last-known address is in this District and because Mr. Cronin's domicile on the date of his death was in this District. Mr. Cronin's surviving spouse, Mrs. Cronin, was issued preliminary letters testamentary on July 7, 2014, by the Surrogate's Court for New York County.

## STATUTORY AND REGULATORY BACKGROUND

4. Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach person subject to the jurisdiction of the United States . . . having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," is required to report that interest to the IRS for each calendar year in which such relationship exists. 31 C.F.R. § 1010.350(a).

5. To fulfill this requirement, a U.S. person is required file a Treasury Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR," for the years at issue by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

6. Non-willful violations of a U.S. person's failure to report the existence of a foreign financial account are subject to civil penalties of up to $10,000 for each violation. 31 U.S.C. § 5321(a)(5)(B)(i).

7. Penalties assessed under 31 U.S.C. § 5321(a)(B)(i) are subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

**FACTUAL BACKGROUND**

8. During the years 2005 through 2012, Mr. and Mrs. Cronin were United States citizens.

9. On December 17, 2013, Mr. and Mrs. Cronin submitted a voluntary disclosure to the IRS's 2012 Offshore Voluntary Disclosure Program ("OVDP") for years 2005 through 2012.

10. As part of their OVDP submission, Mr. and Mrs. Cronin filed their delinquent joint income tax returns for tax years 2005 through 2012. Income from Mr. and Mrs. Cronin's foreign bank accounts was first reported on these delinquent joint income tax returns.

11. During the years at issue, Mr. Cronin had a financial interest, signatory authority, and/or otherwise controlled six foreign bank accounts with Credit Suisse in Lausanne, Switzerland (account numbers XXXXX3-12-1, XXXX43-11, XXXXX3-12-5, XXXXX3-12-6, XXXXX3-12-7, and XXXX43-15), two foreign bank accounts with Actinver (Lloyd's) in Mexico (account numbers XXX636-1 (Savings) and XXX636-1 (Investment)), and one foreign bank account with First Caribbean in the Bahamas (account number XXX3324).[1]

12. During each of the years 2005 through 2012, the balance of Mr. Cronin's foreign bank accounts exceeded $10,000.

13. During the years at issue, Mrs. Cronin had a financial interest, signatory authority, and/or otherwise controlled ten foreign bank accounts with Credit Suisse in Lausanne, Switzerland (account numbers XXXX97-52, XXXXX97-50, XXXX97-51, XXXXX7-52-1,

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

XXXXX7-52-2, XXXXX7-53-3, XXX997-5-USD, XXXXX7-52-4, XXX997-5-EUR, XXX997-5-CHF), one foreign bank account with First Caribbean (account number XXX3324), one foreign bank account with DBS Bank, Ltd. in Singapore (account number XXXXX7510), and one foreign bank account with Actinver (Lloyd's) in Mexico (account number XXX8890).

14. During each of the years 2005 through 2012, the balance of Mrs. Cronin's foreign bank accounts exceeded $10,000.

15. Mr. and Mrs. Cronin were required by law to file an FBAR reporting their financial interest in their foreign bank accounts for the years 2005 through 2012, as well as any other year that satisfied the requirements above.

16. For the years 2005 through 2012, Mr. and Mrs. Cronin failed to timely report their financial interest in their foreign bank accounts. The IRS did not receive FBARs from Mr. and Mrs. Cronin for years 2005 through 2012 until February 12, 2015.

17. On February 2, 2016, Mrs. Cronin—both individually and as executor for the estate of Mr. Cronin—consented to extend the statute of limitations for assessment of the FBAR penalty for calendar years 2005 through 2012, inclusive to December 31, 2017.

18. Mr. and Mrs. Cronin were removed from the OVDP on April 3, 2017, following their repeated failures to respond to information document requests or otherwise cooperate with the IRS's attempts to process their OVDP submission.

19. On October 17, 2017, the IRS mailed "Letters 3709" to Mr. and Mrs. Cronin, notifying them of proposed FBAR assessments, and gave them until November 17, 2017, to either request an appeals hearing or to agree to the proposed assessments before they were made. Mr. and Mrs. Cronin did not request an appeals hearing in response to the letters.

20. On December 7, 2017, the IRS assessed FBAR penalties totaling $250,713.00 against Mr. Cronin for years 2005 through 2012, and totaling $250,777.00 against Mrs. Cronin for years 2005 through 2012.

21. On December 12, 2017, the IRS sent letters to Mr. and Mrs. Cronin demanding payment of the assessed FBAR penalties, and providing opportunities for post-assessment review of the penalties made by the IRS. Mr. and Mrs. Cronin did not request an appeals hearing in response to the letters.

22. As of December 4, 2019, neither Mr. nor Mrs. Cronin have paid any portion of the FBAR assessments.

23. Since the date on which the IRS assessed the FBAR Penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

## CLAIMS FOR RELIEF

### Count I
**Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)/Reduce Federal Tax Assessments to Judgment Against defendant Anne Cronin, as Executor of the Estate of Andrew Cronin**

24. By this action, the United States seeks to collect the FBAR Penalties IRS assessed against Mr. Cronin on December 7, 2017, plus interest and additional penalties that continue to accrue as provided by law.

25. Based on Mr. Cronin's delinquent FBARs and the reported bank account balances, the IRS assessed Mr. Cronin with FBAR penalties on December 7, 2017, as follows:

| Year | Assessment Amount |
|---|---|
| 2005 | $53,725.00 |
| 2006 | $43,758.00 |
| 2007 | $35,948.00 |

| Year | Assessment Amount |
|------|-------------------|
| 2008 | $40,322.00 |
| 2009 | $46,960.00 |
| 2010 | $20,000.00 |
| 2011 | $5,000.00 |
| 2012 | $5,000.00 |
| Total | $250,713.00 |

26.     On December 12, 2017, IRS sent notice and demand for payment of the assessed penalties by U.S. certified mail to Mr. Cronin at his last known address in New York City.  Mr. Cronin has not paid the assessment amount.

27.     Since the date on which the IRS assessed the FBAR penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3713(a)-(e), and remain unpaid.  As of February 1, 2019, Mr. Cronin owed penalties and interest totaling $270,873.07.

28.     The United States may bring suit to recover the FBAR penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the two-year period beginning on the date the FBAR penalties were assessed.  31 U.S.C. § 5321(b)(2)(A).  This action is brought within the two-year limitations period.

29.     The United States is entitled to a judgment against Mr. Cronin in the amount of $270,873.07, plus additional accruing interest, penalties, and fees as provided by law.

## Count II
### Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)/Reduce Federal Tax Assessments to Judgment Against defendant Anne Cronin, Individually

30. By this action, the United States seeks to collect the FBAR Penalties IRS assessed against Mrs. Cronin on December 7, 2017, plus interest and additional penalties that continue to accrue as provided by law.

31. Based on Mrs. Cronin's delinquent FBARs and the reported bank account balances, the IRS assessed Mrs. Cronin with FBAR penalties on December 7, 2017, as follows:

| Year | Assessment Amount |
| --- | --- |
| 2005 | $53,012.00 |
| 2006 | $31,428.00 |
| 2007 | $32,261.00 |
| 2008 | $28,501.00 |
| 2009 | $36,140.00 |
| 2010 | $28,273.00 |
| 2011 | $31,398.00 |
| 2012 | $9,764.00 |
| **Total** | **$250,777.00** |

32. On December 12, 2017, IRS sent notice and demand for payment of the assessed penalties by U.S. certified mail to Mrs. Cronin at her last known address in New York City. Mrs. Cronin has not paid the assessment amount.

33. Since the date on which the IRS assessed the FBAR penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3713(a)-(e),

and remain unpaid.  As of February 1, 2019, Mrs. Cronin owed penalties and interest totaling $270,203.98.

34.     The United States may bring suit to recover the FBAR penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the two-year period beginning on the date the FBAR penalties were assessed.  31 U.S.C. § 5321(b)(2)(A).  This action is brought within the two-year limitations period.

35.     The United States is entitled to a judgment against Mrs. Cronin in the amount of $270,203.98, plus additional accruing interest, penalties, and fees as provided by law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff the United States of America respectfully requests that the Court enter judgment:

(a)     awarding the United States the amount of Mr. Cronin's assessed FBAR Penalties totaling $250,713.00, plus interest and additional penalties as allowed by law from December 7, 2017, to the date of payment;

(b)     awarding the United States the amount of Mrs. Cronin's assessed FBAR penalties totaling $250,777.00, plus interest and additional penalties as allowed by law from December 7, 2017, to the date of payment; and

(c)     granting the United States its costs incurred in connection with this action, along with such further relief as the Court may deem just and proper.

Dated: December 6, 2019
New York, New York

                    GEOFFREY S. BERMAN
                    United States Attorney for the
                    Southern District of New York

By:   */s/ Natasha W. Teleanu*
       NATASHA W. TELEANU
       Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Tel.: (212) 637-2528
       E-mail: natasCha.teleanu@usdoj.gov